William J. Began, S.
In connection with the judicial settlement of this estate a question has been raised relative to the liability of the estate for back real estate taxes on jointly held property. The reason that the question has been raised is that the widow, who is also the executor, has elected to take against the will, and if the real estate taxes, which exceed $3,000, are paid by the estate, two thirds of the amount will, in fact, be paid by the minor children. Two of these minor children are from a first marriage.
Counsel for Robert and Catherine Hoover argues that, since the real estate is owned as tenants by the entirety, title to the real estate went directly to the widow by virtue of the death of Robert F. Hoover. It is not disputed that she takes subject to the mortgage and he contends that this should also be true so far as the back real estate taxes are concerned. This court agrees with this conclusion. There is no personal liability for real estate taxes and SOPA 1811 (subd. 2, par. [b]) says as follows: “ Taxes assessed on property of the deceased previous to his death. Any taxes so paid by a fiduciary on real property which descends to a distributee or passes to a devisee shall be a charge thereon for which the beneficiary must reimburse the estate unless in the case of wills the testator has indicated expressly or by necessary implication that such taxes be otherwise paid.”
In addition, EPTL 3-3.6 (subd. [a]) says, “ Where any property, subject, at the time of decedent’s death, to any lien, security interest or other charge, including a lien for unpaid purchase money, is specifically disposed of by will or passes to a distributee, or where the proceeds of any policy of insurance on the life of the decedent are payable to a named beneficiary and such policy is subject to any lien, security interest or other charge, the personal representative is not responsible for the satisfaction of such encumbrance out of the property of the decedent’s estate, except as provided in SCPA 1811, unless, in the case of a will, the testator has expressly or by necessary implication indicated otherwise. A general provision in the will for the payment of debts is not such an indication.”
It would appear to this court that it is clear that the real estate taxes that were owing at the time of the decedent’s death on jointly held property are not a proper expense of the estate. The will in the instant case does not have a provision for the payment of such an obligation and, therefore, the attempt by the widow-executor to charge the estate with these real estate taxes • is denied and the account should be amended accordingly.